## CHARLES F. S. G. HAZELTINE

*v.*

## JEREMIAH J. FOURNEY.

*Filed at Ottawa May 12, 1887.*

TRUST—*when enforced.* A husband had real estate conveyed to his wife, to be held for his use, in case he should survive her; and if he should die first, the property was to belong to her,—she at the same time executing to him a writing, showing that she held the same in trust. Shortly before her death the wife conveyed the property to a third party, in trust for her infant son by a former marriage. It was *held,* that a court of equity would set aside the deed made by her in violation of the trust, and vest the title in the husband.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. H. M. PIERCE, for the plaintiff in error.

Mr. ARNOLD TRIPP, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Jeremiah J. Fourney, in the circuit court of Cook county, against Charles F. S. G. Hazeltine, to vacate a trust deed executed by Sarah Fourney, the wife of complainant, on the 9th day of May, 1881, to one James McLaughlin, and to enforce a trust agreement made between the complainant and the said Sarah Fourney, on the 19th day of October, 1876, under which the property involved was, as specified in the contract, to be conveyed to the complainant. On the hearing, on the pleadings and evidence, a decree was rendered in favor of the complainant, as prayed for in the bill, to reverse which this writ of error was sued out by the defendant.

At the time the decree was rendered, the defendant was a minor, and it is insisted in the argument that the evidence is not sufficient to sustain the decree.

It appears from the evidence, that the complainant purchased the property in dispute, and obtained a deed on the 22d day of November, 1870. On the 19th day of October, 1876, the complainant, and his wife, Sarah Fourney, conveyed the property to Ernst Waer, and on the same day Ernst Waer conveyed to Sarah Fourney. At the time these two deeds were executed, a contract in writing was prepared and executed by Sarah Fourney, and delivered to the complainant, which showed the terms and conditions upon which she held the legal title to the property, and the disposition which was to be made of the title in the future. There is ample evidence in the record that the contract was executed and delivered to the complainant. Waer, who was the medium through which the title passed from the complainant to his wife, testified that the contract was made out at the same

time the deeds were executed; that it was read, and signed by Sarah Fourney. Several other witnesses testify that Sarah Fourney, on different occasions, told them that she had made the contract, which showed the rights of her husband in the property. But the contract has been lost, or taken from the possession of the complainant, and could not be produced on the trial, and the only question of dispute is as to the contents of the contract. Waer, who was present when the contract was made, and heard it read, states, in substance, that it provided that if Sarah Fourney died before her husband, then the property was to go to him; if, however, he died first, then she was to hold it. Owen Doyle testified that Mrs. Fourney told him that they had fixed the property in such a manner that she was to have it while she lived, and if she died before her husband, the property was to be transferred to him. Henry Frederick testified that Mrs. Fourney stated to him, that they had made an agreement between themselves, "If I should die first, the property shall be his; and if he should die first, the property is mine."

It will not be necessary to refer to other evidence as to the contents of the agreement; but after a careful consideration of all the evidence, we think it is manifest that Mrs. Fourney paid nothing for the land; that her husband caused the conveyance to be made to her without consideration; and that she held the legal title in trust, and in case of her death before the husband, the property was to be reconveyed to him. The trust agreement was manifested by a writing, and no reason has been shown why it should not be enforced. Mrs. Fourney died May 12, 1881, leaving plaintiff in error, a son by a former marriage, an only child. Three days before her death she made a deed purporting to convey the property in question to James McLaughlin, in trust for her son, the plaintiff in error. This deed was made in violation of the agreement with her husband, under which she held the title to the property, and can not be sustained. Under the con-

tract, she had no right to settle the property upon any person, but in case her husband survived her, it belonged to him. In view of the contract, the deed was properly set aside, and the decree vesting the title in complainant was fully warranted by the evidence.

The decree will therefore be affirmed.

*Decree affirmed.*